No. 3          January 2, 2025          201

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Sara RENNIE,
Deceased,
*Petitioner,*
*and*

Brandon RENNIE,
*Respondent-Appellant,*
*and*

Marybeth MUNROE,
*Intervenor-Respondent.*

Jackson County Circuit Court
15DR14048; A181564

David G. Hoppe, Judge.

Argued and submitted November 5, 2024.

John A. Hamilton argued the cause for appellant. Also on the brief was Tracey RH Naumes.

Thomas A. Bittner argued the cause for respondent. Also on the brief were Morgan R. Terhune and Schulte, Anderson, Downes, Aronson & Bittner, P.C.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

ORTEGA, P. J.

**ORTEGA, P. J.**

This is a domestic relations case in which father appeals a judgment granting custody of his two sons, M and N, to their maternal grandmother. We conclude that, under a correct construction of ORS 109.119, the trial court erred in failing to require grandmother to rebut the statutory presumption that father acts in the children's best interest before granting custody to her. As a result of that error, we vacate and remand for the trial court to conduct further proceedings. Because that will necessitate a different analysis on remand, we do not reach father's other arguments on appeal.

To aid in understanding the procedural history of this case, we first briefly set out the statutory background that governs a child custody dispute between a legal parent and a third party, such as grandmother. Under ORS 109.119(1), a person who has established a child-parent relationship with a child "may petition or file a motion for intervention with the court having jurisdiction over the custody, placement or guardianship of that child *** for an order providing for relief under subsection (3) of this section." To grant relief to the person petitioning, the court must "include findings of fact supporting the rebuttal of the presumption" that "the legal parent acts in the best interest of the child." ORS 109.119(2)(a), (b). If the court determines that a child-parent relationship exists and that the presumption has been rebutted by a preponderance of the evidence, the court "shall grant custody, guardianship, right of visitation or other right to the person having the child-parent relationship, if to do so is in the best interest of the child." ORS 109.119(3)(a). It is also relevant here that ORS 109.119(2)(c) provides that the presumption that a legal parent acts in the best interest of the child "does not apply in a proceeding to modify an order granting relief under this section."

With that context, we turn to the relevant background and procedural facts in this case. In so doing, "'we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition[.]'"[1] *Kleinsasser and Lopes,*

---

[1] Father requests that we exercise our discretion to review *de novo.* ORS 19.415(3)(b). We decline to do so because this is not an exceptional case warranting

265 Or App 195, 198, 333 P3d 1239 (2014) (quoting *Dept. of Human Services v. N. P.*, 257 Or App 633, 639-40, 307 P3d 444 (2013)).

Father and mother were married in 2012 and their twin sons, M and N, were born in March 2015. Father has physical limitations due to Becker's muscular dystrophy that require him to use a motorized wheelchair and necessitate caregiver assistance for activities of daily living. Mother suffered from congestive heart failure for which she received a heart transplant in 2019, and she died in June 2022. About six months after the children's birth in 2015, mother and father separated. Due to the parents' health conditions, grandmother provided significant support in caring for the children, both before and after parents' separation.

In 2016, father and mother entered into a stipulated divorce and an agreement regarding custody and parenting time. Under that agreement, mother had legal custody of the children and father had limited parenting time that did not include overnights. Over time, father's parenting time increased in hours and, beginning in 2018, he had a weekly overnight visit with them. During 2018, the co-parenting relationship between father and mother deteriorated and, in January 2019, mother ended father's overnight visits and returned his parenting time to the limited hours in the stipulated agreement.

In February 2019, father moved to modify the stipulated parenting plan to increase his parenting time and to include overnights. Grandmother moved to intervene in the case and sought a "springing" right of custody and visitation,[2] such that she would take over mother's rights to the

---

such review. ORAP 5.40(8)(c); *see also* ORAP 5.40(8)(d) (outlining nonexclusive list of criteria used to determine whether to exercise our discretionary authority to review *de novo*).

[2] The parties and the trial court introduced the concept of a "springing" right to visitation and a "springing" right to custody. We, therefore, refer to "springing" visitation and custody to accurately describe the record. The question of whether visitation or custody rights can properly be awarded on a "springing" basis is not before us. We note, however, that ORS 109.119(4)(a) and (b) require the trial court to consider current circumstances when deciding whether the statutory presumption that the legal parent acts in the best interest of the child has been rebutted in the context of ruling on an ORS 109.119 motion for third party custody or visitation.

children should mother become incapacitated or die. Father opposed grandmother's motion.

Following a trial, in February 2020, the trial court entered a supplemental judgment that increased father's parenting time to include consecutive overnight visits with the children. With respect to grandmother, the court determined that she had established a child-parent relationship and granted her intervenor status. It then separately analyzed her requests for springing visitation and for springing custody. Regarding visitation, the court determined that grandmother had rebutted the statutory presumption that father acts in the children's best interest and that it was in the children's best interest to award grandmother a springing right of visitation. Specifically, the court ordered:

"1. In the event Mother should die prematurely or become incapacitated to the point that she cannot effectively exercise visitation, then Grandmother's visitation rights would spring forth and would be exactly the same as those that Mother had at the time of her incapacitation.

"2. Grandmother's springing visitation rights are not fixed in time. They should expand and contract over the course of time and should, ideally, diminish over time because Father's time will be expanded by further order of the Court."

For custody, however, the court determined that grandmother had not rebutted the statutory presumption that father acts in the children's best interest, and that it was not in their best interest for grandmother to be awarded a springing right of custody. The 2020 judgment also provided that, "[p]ursuant to statute, [grandmother] may seek legal custody if circumstances change."

At the time of the 2020 judgment, mother was doing well after receiving a heart transplant. However, by February 2022, mother's health was declining, and she died in June 2022.

In September 2022, father moved to modify his parenting time to five nights a week, with grandmother having the remaining time with the children. Grandmother responded that the parenting schedule should remain unchanged and moved for legal custody. Before taking

evidence, the court determined that it would not revisit the issue of whether grandmother rebutted the presumption that father acts in the children's best interest. The court stated:

> "I'm not going to make specific findings regarding the rebuttal presumption, as I deem it to be part of the statutory scheme. [The previous judge has] already gone through the analysis. It's in a judgment, and it's been done. What I'll be doing is a custody analysis, I will make specific findings regarding the custody analysis.

> "If that's an appealable issue, it's an appealable issue. But my interpretation of the statute is that a child-parent relationship had been established. The presumption had been rebutted, and here we are on modification for the statute. * * *

> "* * * * *

> "* * * I'm just reading plain meaning of the statute."[3]

The court then took evidence pertaining to custody, and in January 2023, the trial court awarded legal custody of the children to grandmother. The court also increased father's parenting time, moving to a 50/50 schedule with grandmother. The court's letter opinion provided:

> "Having heard the arguments of Counsel and testimony of witnesses, reviewed the exhibits received, and being fully duly advised in the premises, the Court awards custody to Grandmother. Looking at the factors under ORS 107.137, the Court finds that factors (b) and (e) weigh heavily in Grandmother's favor as she has been the de facto primary caregiver to the Boys, she is fit, and she has literally rearranged her life to prioritize the needs of the Boys. The Court additionally finds that it is in the Boys' best interests that they enjoy a 50/50 parenting time schedule going forward with Father on a week-on, week-off basis and declines to make written findings otherwise. [Grandmother's counsel] is to prepare the judgment, no award of fees and costs given the objective reasonableness of each party's conduct throughout the proceedings."

---

[3] We presume that the trial court was referring to ORS 109.119(2)(c), which provides that the statutory presumption does not apply on a modification of an order granted under ORS 109.119(3).

The court later entered a supplemental judgment that granted grandmother legal custody and ordered a 50/50 parenting time schedule agreed to by the parties. Father now appeals from that supplemental judgment, raising three assignments of error that challenge the trial court's decision on custody. Because it is dispositive, we address only father's first assignment of error.

In that assignment, father argues that the trial court erred in refusing to require grandmother to rebut the statutory presumption in ORS 109.119(2)(a) that father acts in the children's best interest. Father argues that the trial court erred in concluding that the 2020 judgment already addressed the issue because that judgment provided that the presumption had not been rebutted for purposes of awarding grandmother custody. Father also asserts that the exception in ORS 109.119(2)(c) to the application of the presumption does not apply to this custody proceeding because the 2020 judgment did not grant custody to grandmother.

Relying on ORS 109.119(2)(c), grandmother responds that, because she rebutted the presumption as part of the 2020 judgment, she was not required to rebut it again. She acknowledges that the trial court found that she had not rebutted the presumption for purposes of custody in 2020, but argues that that statement is inconsistent with the remainder of that judgment. She further contends that father is barred by issue preclusion from attempting to relitigate the issue.

To address the parties' arguments, we must first interpret ORS 109.119(2)(c), which appears to have been the section the trial court relied on when it declined to apply the statutory presumption. In doing so, we review for legal error and apply our usual methodology for interpreting statutes to discern the intent of the legislature. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We primarily consider the text and context of the statute and, when it is useful to our analysis, we will also consider legislative history. *Id*.

We start with the disputed statutory subsection, ORS 109.119(2), which provides:

"(2)(a)   In any proceeding under this section, there is a presumption that the legal parent acts in the best interest of the child.

"(b)   In an order granting relief under this section, the court shall include findings of fact supporting the rebuttal of the presumption described in paragraph (a) of this subsection.

"(c)   The presumption described in paragraph (a) of this subsection does not apply in a proceeding to modify an order granting relief under this section."

Based on the plain text of that subsection, we first reject grandmother's suggestion that ORS 109.119 did not apply at all to this proceeding, because she was already granted intervenor status by the 2020 judgment. When a third party seeks legal custody of a child over the objection of a legal parent, such relief is sought under ORS 109.119. *See Burk v. Hall*, 186 Or App 113, 120, 62 P3d 394, *rev den*, 336 Or 16 (2003) ("ORS 109.119, in turn, is quite clear and specific in scope. It provides substantive requirements for actions in which a nonparent seeks custody or guardianship of a minor child over the objection of a legal parent."); *cf. Epler and Epler*, 356 Or 624, 630, 341 P3d 742 (2014) (the proceeding was not governed by ORS 109.119 because the grandmother did not seek custody of the child, having already obtained custody through a stipulated agreement; rather, the mother sought custody through a modification action under ORS 107.135). Here, grandmother sought custody of the children over father's objection (and after having been denied a springing right of custody in the 2020 judgment). By its plain terms, ORS 109.119 applied to this proceeding. As a result, the statutory presumption in ORS 109.119(2)(a) also applied, because the plain text of ORS 109.119(2)(a) provides that the presumption applies "[i]n any proceeding under this section."

That leads us to the question at the heart of this case: whether ORS 109.119(2)(c) applied to this proceeding. That provision provides, "The presumption described in paragraph (a) of this subsection does not apply in a proceeding to modify an order granting relief under this section." Grandmother argues that the 2020 judgment was "an order

granting relief under this section" and, thus, she did not need to rebut the statutory presumption. Father, for his part, asserts that the 2020 judgment was not an "order granting relief" for purposes of ORS 109.119(2)(c), because the 2020 judgment denied custody to grandmother—the specific relief sought in this proceeding. We agree with father.

For ORS 109.119(2)(c) to apply, the proceeding must be one to "modify an order granting relief under this section." The only relief that grandmother was granted under ORS 109.119 by the 2020 judgment was that she had a "springing" right of visitation with the children, such that if mother died or became incapacitated grandmother would be granted *as visitation* the same time with the children that mother had at the time of her incapacitation. The 2020 judgment also explicitly expected that grandmother's visitation time with the children would diminish over time as father's time with the children expanded. Grandmother's request in this proceeding—that she be granted legal custody of the children—did not seek to modify a prior custody order that granted her relief under ORS 109.119, nor did it seek to modify the visitation rights in the 2020 judgment that did grant her relief under ORS 109.119. It is important to our analysis that ORS 109.119(2)(c) applies only to a modification of the order granting relief; and as such, the modification requested must be specific to what was granted in the order. Here, grandmother sought to obtain what had been denied by the 2020 judgment.

The context of the statutory scheme of ORS 109.119 as a whole supports our construction. Under ORS 109.119(1), a third party who has established a child-parent relationship or has an ongoing personal relationship with the child may seek to intervene in a case or initiate a case to seek relief under ORS 109.119(3).[4] Once it has been established that the third party has a right to seek relief, ORS 109.119(2) applies the statutory presumption that the legal parent acts in the best interest of the child. ORS 109.119(3) requires the third party to rebut that presumption and to demonstrate that granting relief is in the best interest of the child to be

---

[4] Both "child-parent relationship" and "ongoing personal relationship" are defined in ORS 109.119(10).

entitled to a grant of "custody, guardianship, right of visitation or other right." ORS 109.119(4) provides nonexclusive lists of factors for a court to consider in determining whether the third party has rebutted the presumption, and those factors are different depending upon the type of relief requested.[5] ORS 109.119(4)(a) sets out factors that apply to the court's determination of whether to award visitation or contact over the objection of the legal parent, and ORS 109.119(4)(b) sets out factors that apply to the court's determination whether to award custody, guardianship, or other rights over the objection of the legal parent.

With respect to the factors in ORS 109.119(4)(b), we have explained that the court is required to assess the current or recent circumstances of the parties with respect to the statutory factors. *See Kleinsasser*, 265 Or App at 206-07

---

[5] ORS 109.119(4) provides:

"(4)(a) In deciding whether the presumption described in subsection (2)(a) of this section has been rebutted *and whether to award visitation or contact rights* over the objection of the legal parent, the court may consider factors including, but not limited to, the following, which may be shown by the evidence:

"(A) The petitioner or intervenor is or recently has been the child's primary caretaker;

"(B) Circumstances detrimental to the child exist if relief is denied;

"(C) The legal parent has fostered, encouraged or consented to the relationship between the child and the petitioner or intervenor;

"(D) Granting relief would not substantially interfere with the custodial relationship; or

"(E) The legal parent has unreasonably denied or limited contact between the child and the petitioner or intervenor.

"(b) In deciding whether the presumption described in subsection (2)(a) of this section has been rebutted *and whether to award custody, guardianship or other rights* over the objection of the legal parent, the court may consider factors including, but not limited to, the following, which may be shown by the evidence:

"(A) The legal parent is unwilling or unable to care adequately for the child;

"(B) The petitioner or intervenor is or recently has been the child's primary caretaker;

"(C) Circumstances detrimental to the child exist if relief is denied;

"(D) The legal parent has fostered, encouraged or consented to the relationship between the child and the petitioner or intervenor; or

"(E) The legal parent has unreasonably denied or limited contact between the child and the petitioner or intervenor."

(Emphases added.)

(discussing all the factors in ORS 109.119(4)(b) and emphasizing that the factors in (4)(b)(A) and (C) are established based on *present* circumstances and discussing the other factors in light of the recent events); *see also O'Donnell-Lamont and Lamont*, 337 Or 86, 110-17, 91 P3d 721 (2004), *cert den*, 543 US 1050 (2005) (discussing each of the factors in ORS 109.119(4)(b)). In addition, a factor that appears in both subsection (4)(a) and (4)(b) is whether "[c]ircumstances detrimental to the child exist if relief is denied." ORS 109.119 (4)(a)(B), (4)(b)(C). That factor must be evaluated in light of the specific relief being requested by the third party, because it refers to the relief that is requested. *See Kleinsasser*, 265 Or App at 207 (stating the factor in that case was whether "'[c]ircumstances detrimental to the child exist' if stepmother is denied custody").

Based on that context, we discern that the overall statutory scheme demonstrates that the legislature specifically recognized that granting visitation or contact with a child to a third party over a legal parent's objection is a significantly different type of relief than granting legal custody of a child to a third party over a legal parent's objection. Case law also reflects that recognition, which is grounded in due process concerns. *See O'Donnell-Lamont*, 337 Or at 97 ("[A] custody decision involves a greater potential intrusion on parental interests than a decision regarding visitation. * * * The decision as to who will have primary custody of the children will alter in fundamental, unknowable ways the lives of the children, father, and grandparents."). The statutory factors also require consideration of the type of relief requested in evaluating whether the statutory presumption has been rebutted and to consider those factors under the present circumstances of the children and the parties. It would be antithetical to the scheme described above to allow a third party to obtain custody of a child over a legal parent's objection, after having obtained visitation in a prior proceeding, without having to first rebut the presumption that the legal parent is acting in the child's best interest with respect to issues related to legal custody at the time that custody is sought. By its plain terms and in the context of the overall scheme, ORS 109.119(2)(c) did not apply to relieve grandmother from the obligation to rebut the

presumption that father acts in the children's best interest in the context of addressing her request for custody in this proceeding.[6]

    We acknowledge that, in granting visitation to grandmother, the court in the 2020 judgment included findings to support that the statutory presumption was rebutted based on the factors in ORS 109.119(4)(b)—the factors that apply to custody, guardianship, or other rights. The court did so because it concluded that seeking a "springing" right of visitation was an "other right." That the court so proceeded does not affect our analysis because, as stated above, the statute necessarily requires the court to consider whether the statutory presumption has been rebutted in light of the type of relief requested and in light of the current circumstances. The 2020 judgment recognized that statutory scheme through the court's separate analysis for springing visitation and springing custody and determined that the presumption was not rebutted for purposes of custody. We thus reject grandmother's arguments that the rebuttal of the presumption, as it applies in this proceeding, has already been litigated and decided in her favor.[7]

    In sum, the trial court erred in failing to apply the statutory presumption in ORS 109.119(2)(a) to this case. Because that conclusion requires us to vacate the trial court's award of custody of the children to grandmother, we do not address father's other assignments of error. However, we must address the appropriate disposition based on the court's error, because father asserts that we should analyze whether the statutory presumption has been rebutted. We decline to do so. Whether a third party has rebutted the statutory presumption is a fact issue that the trial court

---

[6] We have reviewed the relevant legislative history of ORS 109.119 and did not find it helpful to our analysis.

[7] We do not agree with grandmother that father has tried to appeal the 2020 judgment as part of this appeal. His assignment of error is explicitly to the court's failure to apply the statutory presumption in this proceeding. We also do not agree with grandmother that the provision in the 2020 judgment that "[p]ursuant to statute, [grandmother] may seek legal custody if circumstances change" has legal significance in this case. Grandmother was granted intervenor status and, as an intervenor, had the right under ORS 109.119 to seek legal custody, if she met the requirements of the statute. The cited provision in the 2020 judgment merely confirmed that right and did not operate to relieve grandmother from the obligation to meet the requirements in ORS 109.119 for custody.

needs to address in the first instance, given that we have declined to take *de novo* review. *See Kleinsasser*, 265 Or App at 197 (whether a third party has rebutted the presumption that the parent acts in the best interest of the child is a determination "for a court to make, sitting as the trier of fact"). Thus, we vacate and remand for further proceedings on the issue of legal custody, and otherwise affirm.

Award of legal custody vacated and remanded; otherwise affirmed.